IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CARLOS RAY FRAZIER**                                              **PLAINTIFF**
**ADC #650936**

V.                          NO. 4:24-cv-00926-BSM-ERE

**LAFEYETTE WOODS, JR.,** *et al.*                          **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I.      Procedures for Filing Objections:**

This Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.     Discussion:**

On October 25, 2024, *pro se* plaintiff Carlos Ray Frazier, an inmate at the W.C. Brassell Adult Detention Center, filed this action under 42 U.S.C. § 1983. *Doc. 2*. Because Mr. Frazier is a "three-striker,"[1] he can proceed with this case without

---

[1] The following dismissals should be considered "strikes" for purposes of 28 U.S.C. § 1915(g): *Frazier v. Baker*, E.D. Ark. Case No. 4:22-cv-00614-JM (Sept. 21, 2022

paying the filing fee (also known as "in forma pauperis") only if he is currently in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

Mr. Frazier's complaint and the addendum to his complaint allege that, since October 5, 2024, he has been forced to sleep on the floor of his cell next to a toilet. The facts and claims alleged are insufficient to reasonably suggest that Mr. Frazier currently faces an imminent danger of serious physical injury.[2]

On October 29, 2024, based on Mr. Frazier's status as a three-striker and his failure to satisfy the imminent-danger-of-serious-physical-injury standard, the Court

---

dismissal for failure to state a claim); *Frazier v. Craig*, E.D. Ark. Case No. 4:22-cv-00641-BRW (Oct. 5, 2022 dismissal for same); and *Frazier v. Sloan*, E.D. Ark. Case No. 4:22-cv-00661-BWM (Sept. 21, 2022 dismissal for same).

[2] In addition, Mr. Frazier's complaint falls short of alleging that he suffered an extreme deprivation violating his constitutional rights. See *Owens v. Scott County Jail*, 328 F.3d 1026 (8th Cir. 2003) (reversing summary judgment where inmate slept on the floor next to a toilet for five weeks); *Goldman v. Forbus*, 17 Fed. Appx. 487, 488 (8th Cir. 2001) (unpublished opinion) (six nights sleeping on the floor and being sprinkled with urine was not a constitutional violation); *White v. Nix*, 7 F.3d 120, 121 (8th Cir. 1993) (no constitutional violation where pretrial detainee was confined in unsanitary cell for eleven days); *Williams v. Delo*, 49 F.3d 442, 444 (8th Cir. 1995) (four days without clothes, mattress, running water, bedding, mail, hot food, and hygienic supplies was not a constitutional violation); *Seltzer-Bey v. Delo*, 66 F.3d 961, 963-64 (8th Cir. 1995) (no constitutional violation where inmate was in strip cell for two days without clothing, bedding, or running water, with a concrete slab for a bed, and cold air blowing on him); *Davis v. Clark*, 2022 WL 4935392 (E.D. Ark. Sept. 15, 2022) (seven nights sleeping on the floor without a mattress not a constitutional violation); *Gilliam v. Gebhardt*, 2021 WL 3183739 (E. D. Ark. June 10, 2021) (no constitutional violation where pretrial detainee was forced to defecate then sleep on the floor for 36 hours); and *Story v. Murry*, 2020 WL 5649751 (E.D. Ark. Sept. 4, 2020) (sleeping without a mattress for 20 days not a constitutional violation).

ordered Mr. Frazier to pay the $405.00 filing fee within 30 days. *Doc. 5*. The Order specifically cautioned Mr. Frazier that his failure to pay the filing fee would result in dismissal of his claims, without prejudice.

To date, Mr. Frazier has not paid the statutory filing fee and the deadline to do so has passed.

### III. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Frazier's complaint be DISMISSED, without prejudice, based on his failure to: (1) comply with this Court's October 29, 2024 Order; (2) failure to pay the statutory filing fee; and (3) prosecute this lawsuit.

2. The Clerk be instructed to close this case.

Dated 4 December 2024.

_____
UNITED STATES MAGISTRATE JUDGE